UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

---------------------------------------------------------------x
UNITED STATES OLYMPIC
COMMITTEE, a federally chartered corporation,

         Plaintiff,

  v.

OLYMPIC MOTORS INC.,
a Pennsylvania corporation,

         Defendant.
---------------------------------------------------------------x

Civil Action No.

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff United States Olympic Committee (the "USOC"), by and for its complaint against Defendant Olympic Motors Inc. alleges as follows:

### JURISDICTION AND VENUE

1. The USOC files this action against Defendant for violation of the Ted Stevens Olympic and Amateur Sports Act (the "Olympic and Amateur Sports Act"), 36 U.S.C. §220501 *et seq.* This Court has jurisdiction over this claim pursuant to 28 U.S.C. Section 1331.

2. The USOC is informed and believes that Defendant has its principal place of business within the State of Pennsylvania. This action arises out of wrongful acts committed by Defendant in the State of Pennsylvania, including this judicial district, which subjects Defendant to the personal jurisdiction of this State, and establishes that venue is proper in this district pursuant to 28 U.S.C. Section 1391(b) and (c).

### PARTIES

3. The USOC is a non-profit, federally chartered corporation with its principal place of business at One Olympic Plaza, Colorado Springs, Colorado 80909-5760.

4. The USOC alleges upon information and belief that Defendant is a Pennsylvania corporation with its principal place of business at 1201 Macdade Blvd., Folsom, PA 19033.

## THE USOC AND THE OLYMPIC MARKS

5. Since the first modern Olympic Games in Athens, Greece in 1896, the USOC has used certain unique symbols and terminology in connection with the United States' participation in the Olympic Games. The words and terminology have included the Five Interlocking Rings (the "OLYMPIC Symbol") and the words OLYMPIC, OLYMPIAD, CITIUS, ALTIUS, FORTIUS and other words as well as any simulation or combination thereof (collectively the "OLYMPIC Marks"). The goodwill associated with these marks arises from and is due in large part to the USOC's efforts. These marks are valuable assets, and this value ensures the USOC's long-term ability to fund the U.S. Olympic Team's participation in the Olympic Games and other activities.

6. Pursuant to the Olympic and Amateur Sports Act (and its predecessor statute, the Amateur Sports Act of 1978, 36 U.S.C. §371, *et seq.*), the USOC was granted, *inter alia*, the exclusive right to use the OLYMPIC Marks in the United States. The Act also provides the USOC the right to bring a civil action against any person who uses any of the OLYMPIC Marks "without the consent of the [USOC] . . . for the purpose of trade, to induce the sale of any goods or services . . . ." 36 U.S.C. §220506(c).

7. In addition to its common law rights and its rights under the Olympic and Amateur Sports Act, the USOC also owns several federal registrations for the OLYMPIC Marks including, in particular, the mark OLYMPIC in Registration Nos. 968,566, 2,311,493, and 2,777,890 and marks that include the OLYMPIC Symbol, such as Registration No. 1,573,212, which consists of the OLYMPIC Symbol beneath "USA" for automobiles in Class 12. Copies of these registrations are attached hereto as Exhibit A.

2

8.      Since 1950, the USOC has been entrusted under federal law with responsibility for coordinating and developing amateur athletic activity in the United States directly related to international amateur athletic competition and has been granted exclusive jurisdiction over all matters pertaining to participation of the United States in the Olympic Games.  To fulfill these responsibilities, the USOC obtains most of its funding through sponsorship fees, suppliership agreements and fees obtained through licensing of media properties and merchandise.  These fees are used to house, feed, train and otherwise support U.S. Olympic athletes and to finance the United States' participation in the Olympic Games.

9.      For example, from 2002-2010, these fees were used to assist the USOC in:

(a)     annually hosting approximately 25,000 athletes, coaches, officials and program staff for the National Governing Bodies ("NGBs") for the individual Olympic sports at its three Olympic training centers (located in Chula Vista, California, Colorado Springs, Colorado and Lake Placid, New York) and at its U.S. Olympic Education Center in Marquette, Michigan, at a cost of $360 million over that period;

(b)     providing support to and sending elite U.S. athletes and teams to national and international competitions, most notably the Olympic Games, at a cost of $80 million;

(c)     working with local communities and 19 different NGBs on behalf of the Community Olympic Development Programs in Atlanta, Georgia; Chicago, Illinois; Springfield, Missouri; Moorestown, New Jersey; San Antonio, Texas; Verona, Wisconsin; and Park City and Kearns, Utah;

(d)     directing over $160 million in grants and services to athletes, including monetary stipends, health services and benefits, educational grants, and more;

(e)     providing additional support to 47 different National Governing

Bodies in the form of NGB Programs and Services including sport performance, coaching assistance, sports medicine, sports science and organizational support, at a cost of $235 million; and

        (f)    funding the USOC's many other statutory functions.

10. Unlike almost every other National Olympic Committee around the world, the USOC does not rely on the federal government for a substantial portion of its funding. Therefore, its exclusive rights under the Olympic and Amateur Sports Act (as well as the rights it has under the Lanham Act and other law) to the use of, *inter alia*, the word OLYMPIC and the OLYMPIC Symbol are critical to the USOC's continued ability to fulfill its federally chartered mission.

## PARTIES DEFENDANT'S IMPROPER USES

11. In or about October 2009, the USOC first became aware that Defendant was using the word OLYMPIC and the OLYMPIC Symbol in connection with its used car business.

12. Defendant operates a used car business under the trade name and trademark "Olympic Motors Inc." Defendant offers its used cars under the OLYMPIC MOTORS INC. mark and, upon information and belief, the OLYMPIC Symbol.

13. Attached hereto as Exhibit B is a true and correct copy of a printout from Defendant's website www.olympicmotorsinc.com.

14. Defendant has neither sought nor received authorization from the USOC to use the word OLYMPIC in any manner to promote its business.

15. To the contrary, beginning in approximately January 2010 and continuing through the present day, the USOC has been demanding, both orally and in writing, that Defendant cease and desist its improper use of the word OLYMPIC and the OLYMPIC Symbol. For example, by a letter dated January 21, 2010, a USOC representative advised

Defendant of, and provided Defendant a copy of, the relevant provisions of the Olympic and Amateur Sports Act and demanded that Defendant cease its unauthorized use of the word OLYMPIC and the OLYMPIC Symbol.

16. The USOC has made repeated attempts since January 2010 to obtain Defendant's compliance with the Olympic and Amateur Sports Act. These attempts have all proved unsuccessful.

17. Defendant's use of the word OLYMPIC and the OLYMPIC Symbol to identify its used car business damages the value of the USOC's exclusive rights in the word OLYMPIC and the OLYMPIC Symbol.

18. Defendant's unauthorized use of the word OLYMPIC and the OLYMPIC Symbol to identify its used car business violates an express prohibition in the Olympic and Amateur Sports Act.

**FIRST CLAIM FOR RELIEF**
**(Violation Of The Olympic And Amateur Sports Act)**
**(36 U.S.C. §220506(c))**

19. The allegations of paragraphs 1 through 18 are incorporated herein by reference.

20. Defendant's unauthorized use of the word OLYMPIC and the OLYMPIC Symbol is a use for the purpose of trade and to induce the sale of Defendant's goods.

21. The USOC has not consented to Defendant's use of the word OLYMPIC or the OLYMPIC Symbol to promote its goods.

22. The USOC is informed and believes, and on that basis alleges, that Defendant's violations of the OLYMPIC and Amateur Sports Act have been and continue to be intentional, willful and without regard to the USOC's rights.

23. The USOC is informed and believes, and on that basis alleges, that Defendant has gained profits by virtue of its use of the word OLYMPIC and the OLYMPIC Symbol.

24. The USOC also has sustained damages as a result of Defendant's violations of the Olympic and Amateur Sports Act.

25. Unless Defendant is enjoined, it will continue to promote itself by unlawfully using the word OLYMPIC and the OLYMPIC Symbol in the United States and in this jurisdiction.

26. Defendant's unauthorized use has caused and will continue to cause the USOC to suffer immediate and irreparable injury, loss and damage because, among other things: (a) the USOC's statutory exclusive rights to use the word OLYMPIC and the OLYMPIC Symbol have been and will continue to be violated; and (b) the USOC's ability to obtain fees from sponsorships, supplierships and licensing of goods, services and merchandise will be diminished or undermined by Defendant's unauthorized use of the word OLYMPIC and the OLYMPIC Symbol. Accordingly, the USOC is entitled to permanent injunctive relief barring Defendant from engaging in violations of the Olympic and Amateur Sports Act.

27. Because Defendant's willful attempt to continue to circumvent the consent requirements of the Olympic and Amateur Sports Act demonstrates Defendant's bad faith violation of the Olympic and Amateur Sports Act, the USOC is entitled under 36 U.S.C. Section 220506(c), 15 U.S.C. §1117(a) and 15 U.S.C. §1117(b) to treble its actual damages or Defendant's profits, whichever is greater. Alternatively, the USOC is entitled to the maximum statutory damages allowed under 15 U.S.C. §1117(c). The USOC will make its election at an appropriate time before final judgment.

28. This is an "exceptional case" pursuant to 36 U.S.C. Section 220506(c) and 15 U.S.C. Section 1117(a) and, as such, the USOC is also entitled to recover its attorneys' fees from Defendant. Also, because the Defendant intentionally used the word OLYMPIC and the OLYMPIC Symbol in connection with the sale of its goods, knowing that they were counterfeit marks, the USOC is entitled to recover its reasonable attorneys' fees from Defendant under 36 U.S.C. Section 220506(c) and 15 U.S.C. Section 1117(b).

29. Pursuant to 36 U.S.C. Section 220506(c) and 15 U.S.C. Section 1117(a), the USOC is also entitled to recover the costs of suit.

## SECOND CLAIM FOR RELIEF
## (FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. §1114)

30. The allegations of paragraphs 1 through 29 are incorporated herein by reference.

31. The USOC owns federal trademark registrations in the OLYMPIC Mark and the OLYMPIC Symbol.

32. The USOC and its licensees have marketed, advertised and promoted their goods and services under the OLYMPIC Mark and the OLYMPIC Symbol and as a result of this marketing, advertising and promotion, the OLYMPIC Mark and the OLYMPIC Symbol are understood to signify the goods and services of the USOC and its licensees, and are the means by which those goods and services are distinguished from those of others in the same and in related fields.

33. Defendant has actual knowledge and notice of the USOC's federally registered trademarks in the OLYMPIC Mark and the OLYMPIC Symbol. At all relevant times herein, Defendant has had constructive knowledge and notice of the USOC's federally registered trademarks in the OLYMPIC Mark and the OLYMPIC Symbol.

34. The activities of Defendant described herein are likely to cause confusion, deception and mistake by creating the false and erroneous impression that the goods provided, offered, advertised and marketed by Defendant are approved, sponsored and/or endorsed by the USOC, or are in some other way connected or affiliated with the USOC, particularly since the USOC owns several registrations for marks that include the OLYMPIC Symbol and cover automobiles.

35. The USOC is informed and believes, and on that basis alleges, that Defendant's violations of the Lanham Act have been and continue to be intentional,

willful and without regard to the USOC's rights.

36. The USOC is informed and believes, and on that basis alleges, that Defendant has gained profits by virtue of Defendant's infringing actions.

37. The USOC also has sustained damages as a result of Defendant's violations of the Lanham Act.

38. Unless Defendant is enjoined, Defendant will continue to promote itself by unlawfully using the word OLYMPIC in the United States and in this jurisdiction.

39. Defendant's unauthorized uses have caused and will continue to cause the USOC to suffer immediate and irreparable injury, loss and damage. Accordingly, the USOC is entitled to permanent injunctive relief.

40. Because Defendant's willful attempt to continue to circumvent the consent requirements of the Lanham Act demonstrates Defendant's bad faith violation of the Lanham Act, the USOC is entitled under 15 U.S.C. §1117(a) and 15 U.S.C. §1117(b) to treble its actual damages or Defendant's profits, whichever is greater. Alternatively, the USOC is entitled to the maximum statutory damages allowed under 15 U.S.C. §1117(c). The USOC will make its election at an appropriate time before final judgment.

41. This is an "exceptional case" pursuant to 15 U.S.C. Section 1117(a) and, as such, the USOC is also entitled to recover its attorneys' fees from Defendant. Also, because the Defendant intentionally used the word OLYMPIC and the OLYMPIC Symbol in connection with the sale of its goods, knowing that they were counterfeit marks, the USOC is entitled to recover its reasonable attorneys' fees from Defendant under 15 U.S.C. Section 1117(b).

42. Pursuant to 15 U.S.C. Section 1117(a), the USOC is also entitled to recover the costs of suit.

## THIRD CAUSE OF ACTION
### For Unfair Competition and False Designation of Origin
### Under 15 U.S.C. §1125(a))

43. The allegations of paragraphs 1 through 42 are incorporated herein by reference.

44. By reason of Defendant's acts complained of herein, Defendant has intentionally used the word OLYMPIC and the OLYMPIC Symbol and engaged in conduct that constitutes a false designation of origin, a false or misleading description of fact, and a false or misleading representation of fact tending wrongfully and falsely to describe or represent a connection or affiliation between the goods and services of the USOC and its licensees and Defendant's goods and services in violation of 15 U.S.C. Section 1125(a). Based on this conduct, consumers are likely to be confused, mistaken, or deceived as to the affiliation, association or connection of Defendant with the USOC, its licensees, or the Olympic Games, or as to the origin, sponsorship, or approval of Defendant's goods and services by the USOC, its licensees, or the Olympic Games.

45. The USOC is informed and believes, and on that basis alleges, that Defendant's violations of the Lanham Act have been and continue to be intentional, willful and without regard to the USOC's rights.

46. The USOC is informed and believes, and on that basis alleges, that Defendant has gained profits by virtue of Defendant's infringing actions.

47. The USOC also has sustained damages as a result of Defendant's violations of the Lanham Act.

48. Unless Defendant is enjoined, Defendant will continue to promote itself by unlawfully using the word OLYMPIC and the OLYMPIC Symbol in the United States and in this jurisdiction.

49. Defendant's unauthorized uses have caused and will continue to cause the USOC to suffer immediate and irreparable injury, loss and damage. Accordingly, the

USOC is entitled to permanent injunctive relief.

50. Because Defendant's willful attempt to continue to circumvent the consent requirements of the Lanham Act demonstrates Defendant's bad faith violation of the Lanham Act, the USOC is entitled under 15 U.S.C. §1117(a) to treble its actual damages or Defendant's profits, whichever is greater.

51. This is an "exceptional case" pursuant to 15 U.S.C. Section 1117(a) and, as such, the USOC is also entitled to recover its attorneys' fees from Defendant.

52. Pursuant to 15 U.S.C. Section 1117(a), the USOC is also entitled to recover the costs of suit.

WHEREFORE, the USOC prays for relief as follows:

1. That Defendant be adjudged to have used the word OLYMPIC and the OLYMPIC Symbol for the purposes of trade without the authorization of the USOC, in violation of federal law;

2. That Defendant be adjudged to have used the word OLYMPIC and the OLYMPIC Symbol to induce the sale of its goods without the authorization of the USOC, in violation of federal law;

3. That Defendant and its parents, affiliates, subsidiaries, officers, directors, employees, agents, successors and assigns, and all those persons in active concert or participation with them, be permanently enjoined and restrained from:

4. using, for the purpose of trade or to induce the sale of goods and services, the word OLYMPIC, the OLYMPIC Symbol, or any simulation of OLYMPIC or the OLYMPIC Symbol tending to cause confusion or mistake, to deceive, or to falsely suggest a connection with the USOC or the Olympic Games. This prohibition shall include, but is not limited to, using any of the foregoing on any advertising materials, signage, promotional and administrative materials, invoices, letterhead, business cards, packaging, supplies, websites, or bags.

5. Pursuant to 15 U.S.C. §1118, for an order requiring that Defendant cease use of its trade name "Olympic Motors Inc." and its website at www.olympicmotorsinc.com and destroy copies of all advertisements, promotional and administrative materials, bags, letterhead, business cards, packaging and supplies, or any other inventory of Defendant's using or referring to the word OLYMPIC or the OLYMPIC Symbol.

6. For an order requiring that Defendant be required to publish notice to all actual or potential customers who may have seen, heard of, or purchased any of Defendant's goods sold under the trademark OLYMPIC or the OLYMPIC Symbol, or in connection with the trade name "Olympic Motors Inc." This notice shall disclaim any connection with the USOC and shall advise the recipient(s) of the Court's injunction and of Defendant's withdrawal from the market of any use of the word OLYMPIC or the OLYMPIC Symbol;

7. Pursuant to 15 U.S.C. §1116(a), for an order directing that Defendant be directed to file with this Court and to serve upon the USOC within 30 days after service upon Defendant of this Court's injunction issued in this action, a written report sworn to and signed under oath setting forth in detail the manner in which it has complied with such injunction;

8. For an award of the USOC's actual or statutory damages or Defendant's profits;

9. For an award of three times the USOC's actual damages or Defendant's profits;

10. For the USOC's reasonable attorneys' fees;

11. For an award of costs;

12. For an award of pre-judgment interest; and

13. For all other relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all triable issues of fact.

Respectfully submitted,

/s/ Scott B. Schwartz
Scott B. Schwartz
Melanie A. Miller
COZEN O'CONNOR
1900 Market Street
Philadelphia, PA 19103
(215) 665-2771 - Telephone
(215) 701-2171 – Facsimile
sschwartz@cozen.com – E-Mail
mmiller@cozen.com – E-Mail

and

John P. Margiotta
(Pro Hac Vice Admission to be filed)
Robert A. Becker
(Pro Hac Vice Admission to be filed)
FROSS ZELNICK LEHRMAN & ZISSU, P.C.
866 United Nations Plaza
New York, New York 10017
(212) 813-5900 – Telephone
(212) 813-5901 - Facsimile
jmargiotta@frosszelnick.com – E-Mail
rbecker@frosszelnick.com – E-Mail

Attorneys for Plaintiff
United States Olympic Committee

Dated: September 13, 2011

# Exhibit A

Int. Cls.: 14, 16, 20, 21, 24, 26, 28 and 35

Prior U.S. Cls.: 22, 28, 33, 37, 38, 50, 101 and 200

**United States Patent and Trademark Office**

Reg. No. 968,566
Registered Sep. 18, 1973

10 Year Renewal

Renewal Term Begins Sep. 18, 1993

## TRADEMARK
## SERVICE MARK
## COLLECTIVE MEMBERSHIP
## PRINCIPAL REGISTER

### OLYMPIC

UNITED STATES OLYMPIC COMMITTEE (UNITED STATES NONPROFIT CORPORATION),
ONE OLYMPIC PLAZA
COLORADO SPRINGS, CO 809095760

OWNER OF U.S. REG. NO. 789,795.

FOR: APPARATUS SOLD AS A UNIT FOR PLAYING A BOARD OR SIMILAR TYPE PARLOR GAME; EDUCATIONAL TOYS; REGULAR AND WARMUP UNIFORMS USED IN CONNECTION WITH TRACK AND FIELD GAMES; HELMETS; AND TRACK SHOES, IN CLASS 22 (INT. CL. 28).

FIRST USE 0-0-1960; IN COMMERCE 0-0-1960.

FOR: JEWELRY, TIE CLIPS, LAPEL PINS, CUFF LINKS, MONEY CLIPS, CHARMS, MADE IN PART OF PRECIOUS AND SEMI-PRECIOUS METALWARE, IN CLASS 28 (INT. CL. 14).

FIRST USE 0-0-1932; IN COMMERCE 0-0-1932.

FOR: GLASSWARE—NAMELY, TUMBLERS, BOWLS AND DISHES, IN CLASS 33 (INT. CL. 21).

FIRST USE 0-0-1964; IN COMMERCE 0-0-1964.

FOR: WRITING PAPER, STATIONERY, NAPKINS AND SHEET PAPER, IN CLASS 37 (INT. CL. 16).

FIRST USE 0-0-1948; IN COMMERCE 0-0-1948.

FOR: PRINTS AND PUBLICATIONS, INCLUDING PAMPHLETS, BOOKS, MANUALS, NEWSLETTERS, BROCHURES, PROGRAMS AND FILMS, IN CLASS 38 (INT. CL. 16).

FIRST USE 0-0-1948; IN COMMERCE 0-0-1948.

FOR: SOUVENIRS, PINS, TROPHIES, PLAQUES, MEDALLIONS, MEDALS, BANNERS, PATCHES AND EMBLEMS, IN CLASS 50 (INT. CLS. 14, 20, 24 AND 26).

2                                                        968,566

FIRST USE 0-0-1932; IN COMMERCE 0-0-1932.

FOR: ADVERTISEMENTS TO RAISE MONEY TO SUPPORT THE OLYMPIC GAMES, IN CLASS 101 (INT. CL. 35).

FIRST USE 0-0-1920; IN COMMERCE 0-0-1920.

FOR: INDICATING MEMBERSHIP IN APPLICANT, IN CLASS 200

FIRST USE 0-0-1932; IN COMMERCE 0-0-1932.

SER. NO. 72-381,518, FILED 1-21-1971.

*In testimony whereof I have hereunto set my hand and caused the seal of The Patent and Trademark Office to be affixed on Jan. 11, 1994.*

COMMISSIONER OF PATENTS AND TRADEMARKS

Int. Cl.: 41

Prior U.S. Cls.: 100, 101 and 107

**United States Patent and Trademark Office**

Reg. No. 2,311,493
Registered Jan. 25, 2000

SERVICE MARK
PRINCIPAL REGISTER

## OLYMPIC

UNITED STATES OLYMPIC COMMITTEE (UNITED STATES CONGRESSIONALLY CHARTERED CORPORATION)
ONE OLYMPIC PLAZA
COLORADO SPRINGS, CO 80909

FOR: SELECTING AND OBTAINING THE MOST COMPETENT AMATEUR ATHLETES TO REPRESENT THE UNITED STATES IN INTERNATIONAL ATHLETIC COMPETITIONS AND EVENTS, AND ORGANIZING INTERNATIONAL ATHLETIC COMPETITIONS AND EVENTS WHEN THEY ARE CELEBRATED IN THE UNITED STATES, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 0-0-1896; IN COMMERCE 0-0-1896.

OWNER OF U.S. REG. NO. 968,566.

SER. NO. 75-598,229, FILED 12-2-1998.

JEFFERY COWARD, EXAMINING ATTORNEY

Int. Cl.: **25**

Prior U.S. Cls.: **22 and 39**

**United States Patent and Trademark Office**

Reg. No. **2,777,890**
Registered Oct. 28, 2003

## TRADEMARK
### PRINCIPAL REGISTER

## OLYMPIC

UNITED STATES OLYMPIC COMMITTEE (UNITED STATES CONGRESSIONALLY CHARTERED CORPORATION)
ONE OLYMPIC PLAZA
COLORADO SPRINGS, CO 80909

FOR: CLOTHING, NAMELY T-SHIRTS, SWEATSHIRTS, CAPS AND HATS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 5-15-2002; IN COMMERCE 5-15-2002.

OWNER OF U.S. REG. NOS. 968,566, 2,311,493 AND OTHERS.

SER. NO. 78-145,195, FILED 7-18-2002.

JEFFERY COWARD, EXAMINING ATTORNEY

Int. Cl.: 12

Prior U.S. Cl.: 19

**United States Patent and Trademark Office**  Reg. No. 1,573,212
Registered Dec. 26, 1989

## TRADEMARK
### PRINCIPAL REGISTER



UNITED STATES OLYMPIC COMMITTEE (UNITED STATES FEDERALLY CHARTERED CORPORATION)
1750 EAST BOULDER STREET
COLORADO SPRINGS, CO 80909

FOR: AUTOMOBILES, IN CLASS 12 (U.S. CL. 19).

FIRST USE 0-0-1984; IN COMMERCE 0-0-1984.

OWNER OF U.S. REG. NOS. 1,314,611, 1,462,902 AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "USA", APART FROM THE MARK AS SHOWN.

SER. NO. 73-761,564, FILED 11-2-1988.

GERARD ROGERS, EXAMINING ATTORNEY

# Exhibit B

# Olympic Motors Inc.

Wholesale Outlet

(Quality Vehicles For Thousands Less)

1201 Macdade Blvd, Folsom, PA 19033 Phone: 610-461-8220 | Fax: 610-461-8221

)AY!

Home | Inventory | Online Credit Application | Contact

## Welcome to Olympic Motors Inc.

We succeed at providing quality pre-owned automobiles at wholesale prices for over 29 years. Many times thousands less. All cars offered are new car dealer trade ins, most one owner vehicles.

We take the risk out of buying a used car by offering a full nationwide warranty. OUR EXTENSIVE NETWORK OF AGGRESSIVE FINANCE LENDERS ENSUREES YOU INSTANT APPROVALS AT THE LOWEST PAYMENTS!!! WE HAVE MULTIPLE FINANCING OPTIONS AVAILABLE FOR ALL TYPES OF CREDIT! So, come in and experience a test drive and Save big on your next automobile purchase.

**WE FINANCE EVERYONE!**

DRIVE AWAY TODAY

APPLY ONLINE NOW !

Online Credit Application

CLICK HERE

ONLINE CREDIT APPLICATION

APPLY NOW!

Olympic Motors Dealer | www.OlympicMotorsInc.com © Copyright 2009

